The Honorable John "M" Lipton State Representative 200 South Martin Street Warren, Arkansas 71671
Dear Representative Lipton:
This is in response to your request for an opinion on the following question:
 Once the Game and Fish Commission acquires land, does the Commission have the authority to lease or sell that property?
It is my opinion that the answer to your question is, generally, yes.
While the power to sell or lease property has not been explicitly granted to the Game and Fish Commission under constitutional or statutory authority, the sale of property by the Commission does appear to be envisioned under Amendment 35. The Commission is created and its general powers are set forth under this constitutional amendment. These powers include "the control, management, restoration, conservation and regulation of birds, fish, game and wildlife resources of the State, including hatcheries, sanctuaries, refuges, reservations and all property owned, or used for said purposes. . . ." See Sec. 1 of Amendment 35 (emphasis added). Section 8 of the Amendment is also significant in this regard wherein it states:
 The fees, monies, or funds arising from all sources by the operation and transaction of said Commission and from the application and administration of the laws and regulations pertaining to birds, game, fish and wildlife resources of the State and the sale of property used for said purposes shall be expended by the Commission for the control, management, restoration, conservation and regulation of the birds, fish and wildlife resources of the State. . . . (Emphasis added).
It has been generally stated that the Commission has broad discretion in determining how wildlife shall be conserved. See, e.g., Ark. State Game Fish Comm'n. v. Stanley, 260 Ark. 176,181, 538 S.W.2d 533 (1976), citing W.R. Wrape Stave Co. v. Ark. State Game and Fish Comm'n., 215 Ark. 229, 219 S.W.2d 948 (1949); Hampton v. Ark. Game Fish Comm'n., 218 Ark. 757, 238 S.W.2d 950
(1951). This discretion was referred to as follows by the Arkansas Supreme Court in the case of Farris v. Ark. Game Fish Comm'n., 228 Ark. 776, 784, 310 S.W.2d 231 (1958):
 The Commission has a wide discretion within which it may determine what the public interest demands, and what measures are necessary to secure and promote such requirements. The only limitation upon this power to formulate these rules and regulations, which tend to promote the protection and conservation of the wildlife resources of the state, and which tend to promote the health, peace, morals, education, good order and welfare of the public is that the rules and regulations must reasonably tend to correct some evil, and promote some interest of the commonwealth, not violative of any direct or positive mandate of the constitution.
It becomes clear that the Commission has extensive discretion, but must exercise its powers in a reasonable and just manner consistent with the purpose of conserving wildlife resources of the State. The case of Ark. State Game Fish Comm'n. v. Stanley, supra, indicates that the Commission's action will be upheld if it is not ultra vires and not "arbitrary or capricious, unreasonable or wantonly injurious, in bad faith or an abuse of its discretion." 260 Ark. at 178. The Court in the case upheld the action of the Commission in contracting for the cutting and removal of timber from the Bayou Meto Wildlife Management Area, concluding that it was an exercise of the discretion of that body in the control, management, restoration and conservation of game and wildlife resources of the State. The Court stated further that evidence of abuse of the Commission's discretion "should be so clear as to be virtually beyond argument before the courts should declare it so. The constitutional amendment left to the Commission the adoption of methods to reach the desired ends."260 Ark. at 190.
Several statutory provisions enacted prior to the adoption of Amendment 35 should be noted in this regard. Ark. Stat. Ann. 47-128 and 47-703 (Repl. 1977) appear to restrict the sale of certain lands. 47-128 deals with land transferred to the Game and Fish Commission by the State Land Commission, and precludes the sale of such land by the Commission. 47-703 prohibits the sale of lands designated as a game refuge "until such time as the Legislature of the State of Arkansas may by proper act abolish said game refuge."
47-128 and 47-703 are the codifications of Section 18 of Act 146 of 1943 and Section 2 of Act 9 of 1933 (Ex. Sess.), respectively. Amendment 35 was voted upon at the November 7, 1944 general election, and became effective July 1, 1945. These statutory provisions have not been expressly repealed. The continued effect of the statutes may, however, be questioned in light of Amendment 35 and the extensive authority granted to the Commission with respect to the control and management of property and the "administration of the laws and/or hereafter pertaining thereto." Amend. 35, 1.
The Arkansas Supreme Court's ruling in Farris v. Ark. State Game 
Fish Comm'n., supra, may be cited in support of the proposition that the Legislature has been divested of the power to prevent the Commission's sale or lease of property, or at least its promulgation of rules and regulations in this regard. The Court was faced in that case with legislation addressing the sale of game fish from privately owned waters. The Court concluded that the General Assembly exceeded its legislative powers "by attempting to exercise legislative powers pertaining to a subject matter, which was not expressly reserved in the Legislature by Amendment 35." 228 Ark. at 785. The Court noted that Amendment 35 "clearly divests the Legislature of all its powers to conserve the wild life resources of this state, except those powers expressly reserved therein, being the power to make appropriations and to increase the annual resident hunting and fishing licenses."228 Ark. at 780. The Court concluded that the Commission, ". . . as trustee for the people of this state, has the responsibility and is charged with the duty to take whatever steps it deems necessary to promote the interest of the Game and Fish Conservation Program of this state; subject only to constitutional provisions against discrimination, and to any valid exercise of authority under the provisions of the Federal Constitution."228 Ark. at 784.
It may be concluded, based upon the foregoing, that the Commission's discretion extends to the sale or lease of property, limited by the requirement that its actions be consistent with the purposes set forth in Amendment 35 to the Arkansas Constitution.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
bcc: P. Douglas Mays, Esq. #2 Natural Resources Drive Little Rock, Arkansas 72205